Paul F. Donsbach #174129
Sybil L. Renick #213149
KUTAK ROCK LLP
18201 Von Karman Avenue, Suite 1100
Irvine, CA  92612-1077
Telephone:     (949) 417-0999
Facsimile:      (949) 417-5394
paul.donsbach@kutakrock.com

Patrick W. Kennison (pro hac vice)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102-2186
Telephone:     (402) 346-6000
Facsimile:      (402) 346-1148

Attorneys for Plaintiffs and Counter-Defendants
STEADFAST INSURANCE COMPANY, a Delaware corporation; and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, a New York corporation

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, a Delaware corporation; and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, a New York corporation,<br><br>Plaintiffs,<br>vs.<br><br>JAMES DOBBAS, an individual; PAMELA DOBBAS, an individual; DONALD DOBBAS, an individual; PETER MANCINI and LISA MANCINI, husband and wife; PETER MANCINI as Special Administrator of the ESTATE OF CLAUDETTE MANCINI, deceased; LISA MANCINI as the Guardian Ad Litem for NASYA MANCINI, a minor; FALLON TURNER, an individual; MERRICK TURNER, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS. | Case No. 2:05-CV-00632-FCD-JFM<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIALS AND INFORMATION**<br><br>Judge: Hon. Frank C. Damrell, Jr.<br>Date of Filing: March 30, 2005<br>Trial Date: January 9, 2007 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4831-4284-2112.3/1
1222401-39

PROTECTIVE ORDER

1   Plaintiffs and Counter-Defendants STEADFAST INSURANCE COMPANY
2   ("Steadfast") and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY
3   ("American Gurantee"), and Defendants JAMES DOBBAS, PAMELA DOBBAS, DONALD
4   DOBBAS, ("Dobbas"), Defendants and Counter-Claimants PETER MANCINI, LISA
5   MANCINI, NASYA MANCINI ("Mancinis"), and Defendants and Counter-Claimants FALLON
6   TURNER, MERRICK TURNER, ("Turners"), (Plaintiffs/Counter-Defendants, Steadfast and
7   American Guarantee and Defendants Dobbas, Defendants/Counter-Claimants Mancinis and
8   Defendants/Counter-Claimants Turners are hereinafter referred to collectively as the "Parties"),
9   by and through their respective counsel of record, hereby stipulate to the following Protective
10  Order:

11   1. Scope: This Stipulation and Order governs the use of all produced documents,
12  responses to Interrogatories, and Requests for Admissions, Requests for Production of
13  Documents, deposition transcripts and any other information, documents, objects or things which
14  have been or will be produced or received by any party during the proceedings in this action as
15  well as any copies, abstracts, digests, notes and summaries thereof. These materials are
16  collectively referred to as "Discovery Materials."

17   2. Use of Discovery Materials: All Discovery Materials shall be used solely for the
18  purposes of prosecuting and/or defending the action and shall not be used for any other purpose
19  whatsoever.

20   3. Confidential Materials: Any Discovery Materials produced by any party or third-party
21  witness which are deemed in good faith to contain confidential information may be designated
22  "CONFIDENTIAL" in the manner set forth below.  Confidential information is information
23  which has not been made public and which concerns or relates to the processes, operations, sales,
24  amount or source of any income, profits, losses, or expenditures of party, the disclosure of which
25  information may have the effect of causing harm to the competitive position of the person, firm,
26  partnership, corporation, or to the organization from which the information was obtained.  All
27  such materials so designated are hereafter collectively referred to as "Confidential Materials."
28  //

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/2
1222401-39

- 2 -

PROTECTIVE ORDER

4. <u>Designating Confidential Materials</u>: By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms of this Stipulation and Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). A party producing documents considered of a confidential nature shall cause each part of such document to be stamped or labeled "CONFIDENTIAL." The requesting party shall treat such documents as confidential pursuant to the terms set forth below. With respect to answers or interrogatories or responses to Requests for Admissions, a party may designate all or any portion of such responses as "CONFIDENTIAL" by clearly labeling them as such in the body of the response.

5. <u>Designating Confidential Materials at Depositions</u>: If at any deposition a witness is asked for information considered confidential by one of the parties, counsel for said party may indicate that the information sought from the witness is designated "CONFIDENTIAL," and the reporter transcribing the proceeding shall be instructed to so designate that portion of the record. Any such portions of a transcript shall be separately bound, sealed and appropriately labeled by the reporter and shall be treated by the parties as provided below. In addition, the party may by letter to all counsel of record designate any portion of the deposition testimony as "CONFIDENTIAL" at any time up to five (5) business days after actual receipt of the transcript of the deposition, and such portions shall be treated by the parties as provided below.

6. <u>Use of Confidential Material</u>: Confidential Materials shall be used only in the prosecution and/or defense of this action and shall not be used or employed for any other lawsuit, business purpose, or other purpose whatsoever. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to protect its confidentiality during such use.

Except as otherwise provided herein, materials designated "CONFIDENTIAL" shall be disclosed only to counsel, to counsel's legal and clerical staff, court reporter(s) employed in the action, to those officers, directors and employees of the parties who, in counsel's good-faith

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/3
1222401-39

- 3 -

PROTECTIVE ORDER

judgment, have a legitimate need to see such materials and to any other person as to whom the parties in writing agree.

a) <u>Use of Confidential Materials by Independent Experts</u>:

Confidential Materials may be disclosed to independent experts (who are not employed, retained or affiliated by or with a competitor of the producing party) whom counsel deems reasonably necessary for the preparation and trial of the case. Before any Confidential Materials are disclosed to any such independent experts or third-party witness, he or she shall be required to read the Stipulation and Order in its entirety and sign an appropriate statement signifying his or her agreement to abide by its terms, shown by the form attached as Exhibit "A" hereto. Copies of any such statements shall be maintained by counsel and shall be delivered to counsel for the producing party upon request at the conclusion of litigation.

7. <u>Disposition of Confidential Materials</u>: The ultimate disposition of any Confidential Materials filed with the Court shall be subject to final order of the Court upon completion of the litigation. All other Confidential Materials, and all copies thereof, shall be returned to the producing party at the termination of this action, or shall be destroyed, at the option of the producing party.

8. <u>Rights of Parties</u>: This Stipulation and Order shall be without prejudice to the parties: (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Stipulation and Order shall not preclude any party from applying to the Court for relief from a provision thereof or from asserting that certain Confidential Materials should receive different, greater or less confidentiality protection than provided for herein. The Stipulation and Order shall not be construed to limit the right of any party to a protective order pursuant to other statutory common laws or to assert any additional right or privilege to withhold the production of any documents or testimony. It is acknowledged that any party may claim work-product privilege, attorney/client privilege, rights of financial privacy, or other applicable privilege for certain

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/4
1222401-39

- 4 -

PROTECTIVE ORDER

1  documents requested by discovery demands or produced in response thereto.

2     9. <u>Effective Upon Execution</u>: This Stipulation and Order shall become effective as a
3  stipulation among the parties immediately upon its execution by counsel for all parties,
4  notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately
5  withheld or made confidential, no party shall treat any Confidential Materials produced prior to
6  that time, other than that provided in this Stipulation and Order, without giving the producing
7  party sufficient advance notice to allow for application to the Court for additional relief.

8     10. <u>Prior Production of Discovery Materials</u>: If any Discovery Materials, including
9  deposition testimony, have been produced in anticipation of the finalization and execution of this
10  Stipulation and Order, all such previously produced Discovery Materials shall be governed by the
11  terms hereof, and the producing party shall have five (5) days from the date this Stipulation and
12  Order is executed for all counsel for all parties to designate such materials or portions thereof as
13  "CONFIDENTIAL."

14     11. <u>Responsibility of Attorneys</u>: The attorneys of record are responsible for employing
15  reasonable measures to control, consistently with this Stipulation and Order, duplication of,
16  access to, and distribution of copies of stamped, confidential documents.  If Confidential
17  Material, including any portion of a deposition transcript designated "CONFIDENTIAL," is
18  included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to
19  Court Order" and filed under seal until further order of this Court.  Parties shall not duplicate any
20  stamped, confidential documents except working copies and for filing with the Court under seal.

21     12. <u>Modifications and Amendments</u>: Nothing herein shall prevent any party, on notice to
22  the other party, from applying to the Court for a modification of the Stipulation and Order.

23     13. <u>No Waiver</u>: This Stipulation and Order is made solely for the purpose of facilitating
24  the exchange of documents and information between the parties to this action without involving
25  the Court unnecessarily in the process.  Nothing in this Stipulation and Order nor the production
26  of any information or document under the terms of this Stipulation and Order nor any proceedings
27  pursuant to this Order shall be deemed to have the effect of an admission or waiver by either
28  party or of altering the confidentiality or nonconfidentiality of any such document or information

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/5
1222401-39
- 5 -
PROTECTIVE ORDER

or altering any existing obligation of any party or the absence thereof.

14. <u>Jurisdiction</u>: This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

15. <u>Termination of the Case</u>: Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED.

Dated: April 12, 2006          KUTAK ROCK LLP


By: */s/ Paul F. Donsbach* (with permission)
    Paul F. Donsbach
    Sybil L. Renick
    Attorneys for Plaintiffs/Counter-Defendants
    STEADFAST INSURANCE COMPANY and
    AMERICAN GUARANTEE AND LIABILITY
    INSURANCE COMPANY

Dated: April 12, 2006          NEAL, HAUSHALTER & RAY LLP


By: */s/ Michael E. Neal* (with permission)
    Michael E. Neal
    Thomas Smurro
    Counsel for Defendants
    JAMES DOBBAS, PAMELA DOBBAS, and
    DONALD DOBBAS

Dated: April 12, 2006          LAW OFFICES OF PETER CHASE NEUMANN


By: [signed by] *Peter Neumann*
    Peter Neumann
    Counsel for Defendants/Counter-Claimants: PETER
    MANCINI, LISA MANCINI, NASYA MANCINI, a
    minor by LISA MANCINI

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/6
1222401-39

- 6 -

PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | Dated: April 12, 2006 | PORTER SIMON |

By: */s/ Peter H. Cuttitta* (with permission)
    Peter H. Cuttitta
    James E. Simon
    Counsel for Defendant/Counter-Claimants:
    FALLON TURNER and MERRICK TURNER

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/7
1222401-39

- 7 -

PROTECTIVE ORDER

1 **<u>ORDER</u>**

   Good cause appearing therefor,

   IT IS SO ORDERED.


**DATED:** April 18, 2006              <u>/s/ Frank C. Damrell  Jr.</u>

                                        HON. FRANK C. DAMRELL, JR.

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/8
1222401-39

- 8 -

PROTECTIVE ORDER

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the attached Stipulated Protective Order dated _____, 2006, entered in the action entitled *Steadfast Insurance Company et al. v. James Dobbas et al.*, United States District Court for the Central District of California, Civil Action No. 2:05-CV-00632-FCD-JFM and understands and hereby agrees to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  The undersigned hereby consents to the jurisdiction of said Court for purposes of enforcing this Order.

Dated this _____ day of _____, 2006.

_____
[Printed Name]

_____
[Signature]

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/9
1222401-39

- 9 -

PROTECTIVE ORDER

1 **PROOF OF SERVICE**

2    I, Kathy Powell, declare:

3    I am a citizen of the United States and employed in Orange County, California. I am over

4 the age of eighteen years and not a party to the within-entitled action. My business address is

5 Suite 1100, 18201 Von Karman Avenue, Irvine, California 92612-1077. On April 17, 2006, I

6 served a copy of the within document(s):

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL DISCOVERY MATERIALS AND INFORMATION**

..   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

ý   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

ý   by Notice of Electronic Filing. Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

..   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

..   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| (*Electronic Service*)<br>Michael E. Neal, Esq.<br>NEAL, HAUSHALTER & RAY LLP<br>200 E. Sandpointe Avenue<br>Suite 750<br>Santa Ana, CA  92707-5777<br>Tele:  (714) 825-8000<br>Fax:   (714) 825-8020<br><br>Counsel for Defendants: JAMES DOBBAS, PAMELA DOBBAS, and DONALD DOBBAS | (*Electronic Service*)<br>Peter Neumann, Esq.<br>LAW OFFICES OF PETER CHASE NEUMANN<br>136 Ridge Street<br>Reno, NV  89501<br>Tele:  (775) 786-3750<br>Fax:   (775) 786-8791<br><br>Counsel for Defendants and Counter-Claimants: PETER MANCINI, LISA MANCINI, NASYA MANCINI, a minor by LISA MANCINI |

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/10
1222401-39

- 10 -

PROTECTIVE ORDER

(*Mail Service*)
Peter H. Cuttitta, Esq.
James E. Simon, Esq.
PORTER SIMON
40200 Truckee Airport Road
Suite One
Truckee, CA  96161
Tele:  (530) 587-2002
Fax:

Counsel for Defendant and Counter-Claimants:
FALLON TURNER and MERRICK TURNER

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  Executed on April 17, 2006, at Irvine, California.

                */s/ Kathy Powell*

KUTAK ROCK LLP
ATTORNEYS AT LAW
SCOTTSDALE

4831-4284-2112.3/11
1222401-39

- 11 -

PROTECTIVE ORDER