UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STEADFAST INSURANCE COMPANY, a Delaware corporation; and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, a New York corporation,

    Plaintiffs,

  v.

JAMES DOBBAS, an individual; PAMELA DOBBAS, an individual; DONALD DOBBAS, an individual; PETER MANCINI and LISA MANCINI, husband and wife; PETER MANCINI, as Special Administrator of the ESTATE OF CLAUDETTE MANCINI, deceased; LISA MANCINI, as the Guardian Ad Litem for NASYA MANCINI, a minor; FALLON TURNER, an individual; MERRICK TURNER, an individual,

    Defendants.
_____/

AND RELATED COUNTER-CLAIMS
_____/

NO. CIV. S-05-0632 FCD JFM

MEMORANDUM AND ORDER

----oo0oo----

1

This matter is before the court on a motion to continue discovery and dispositive motion deadlines, pursuant to Rule 16 of the Federal Rules of Civil Procedure,[1] filed by plaintiffs and counterdefendants Steadfast Insurance Company ("Steadfast") and American Guarantee and Liability Insurance ("American").[2] Defendants and countercomplainants, Peter Mancini, Lisa Mancini, Nasya Mancini, Fallon Turner, and Merrick Turner (collectively, "defendants") oppose the motion. The court heard oral argument on this matter on March 2, 2007.

## BACKGROUND

This suit arises out of a dispute regarding insurance coverage. The facts giving rise to the insurance claims made by the Turner and Mancini defendants involve a bodily injury and wrongful death lawsuit, following a collision of the Turner vehicle with an Angus bull and a subsequent collision of the Turner vehicle with the Mancini vehicle. The collisions occurred on May 27, 2002. The Angus bull belonged to James Dobbas and had escaped from the pasture owned by Milton Holstrom. The collisions involved two fatalities, and four of the vehicles' occupants were injured.

The Turner defendants and Mancini defendants filed complaints against Dobbas, Holstrom, and others in separate actions. They later consolidated their cases in the United States District Court for the District of Nevada. The parties reached a settlement agreement against Dobbas for $1 million. However, the parties also agreed to binding arbitration to apportion any award between the Turners and Mancinis. The arbitrator found that damages were owed in the amount of $5 million and apportioned the award between the Turners and the Mancinis. Subsequently, it was discovered that Dobbas had previously unknown insurance policies with plaintiffs Steadfast and American, and defendants sought to recover the remaining $4 million from the policies. Plaintiffs brought suit, asserting that there is no coverage because they were prejudiced by the late

---

[1] All further references to the "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Plaintiffs/Counterdefendants will be designated collectively as "plaintiffs."

2

notice of the suit.

Plaintiffs Steadfast and American filed an early motion for summary judgment on the issue of late notice. The court denied summary judgment, finding that although plaintiffs had identified steps they would have taken in the litigation, they had not presented sufficient evidence of actual prejudice, i.e. that the result of the prior litigation or arbitration would have been different had those steps been taken.

The parties conducted discovery in this matter, litigating any discovery disputes relating to this matter in the Nevada District Court. At issue in this motion is discovery relating to the work done by Dobbas' attorney in the underlying arbitration. Plaintiffs assert that the discovery and dispositive motion deadlines in this case should be continued based upon a pending motion to compel in the Nevada District Court. Defendants assert that the deadlines should not be continued because the evidence at issue is irrelevant to plaintiffs' burden in demonstrating actual prejudice.

## ANALYSIS

Plaintiffs seek to modify the pretrial scheduling order by extending the discovery deadline and dispositive motion deadline for sixty (60) days, in light of a pending discovery motion in the Nevada District Court that relates to this case. A pretrial order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

In their opposition to the motion, defendants do not argue that plaintiffs have not been diligent in conducting discovery in this matter, but rather, that the sought-after

evidence is irrelevant to plaintiffs' burden of proof.  Defendants rely on Billington v. Interinsurance Exchange of Southern California, 71 Cal.2d 728 (1969), to support their assertion that the conduct of the attorneys in the underlying litigation/arbitration is irrelevant to plaintiffs' burden in demonstrating actual prejudice.  Defendants are mistaken.  In Billington, the California Supreme Court held that an insurer cannot show actual prejudice solely by presenting evidence that an action was not defended; rather, the insurer must demonstrate that there was a substantial likelihood that it would have prevailed if given notice.  Id.  However, this holding only provides that such evidence is insufficient by itself, not that such evidence is wholly irrelevant to a showing of actual prejudice.[3]  Evidence of how the underlying case was litigated, including whether and how the underlying facts were evaluated and developed, while not dispositive, may be relevant to plaintiffs' position that the underlying result would have been different if they had been given notice.

Therefore, the court finds that the discovery at issue in the Nevada District Court *may* be relevant to the claims brought by plaintiffs.[4]  The court also finds, based upon a review of the docket in this matter, that plaintiffs have been diligent in conducting discovery in this case.

However, the court finds that granting a continuance in this matter would not be an efficient means of controlling its docket and calendar.  The parties in this case have continuously filed stipulations and motions to continue deadlines in this case, based upon disputes arising out of the same or similar discovery.  These filing have typically been on the eve of the discovery deadline and accompanied by an ex parte application for an order shortening time for the court to hear the motion.  This manner of litigation is extremely

---

[3] The cases cited by defendants' counsel at oral argument similarly failed to support their argument of irrelevance.

[4] The court makes no finding herein that the evidence is, in fact, relevant to this case, or what the weight of any evidence of this type may be.  This court has not adjudicated any of the discovery disputes in this matter, nor is there a dispositive motion filed relating to this evidence.  The court only finds that such evidence *could* be relevant to plaintiffs' case, such that the resolution of the discovery dispute warrants a continuance in some form.

1  inefficient.

2      This court possesses the inherent power to control its own docket and calendar.

3  <u>Mediterranean Enterprises, Inc. v. Ssangyong Corp.</u>, 708 F.2d 1458, 1465 (9th Cir. 1983)

4  (citations omitted).

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court.

8  <u>Id.</u> (quoting <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir.

9  1979), <u>cert. denied</u>, 444 U.S. 827 (1979)).

10      Based upon the submissions of the parties and a review of the docket, the court

11  finds that issuing a stay in this matter for three (3) months is the fairest and most efficient

12  course of action.  Accordingly, all proceedings in this action are hereby STAYED for a

13  period of three months, and all dates presently set are vacated.  A status conference is set

14  for June 8, 2007 at 10:00 a.m., at which time the parties will address whether a further

15  stay of proceedings is necessary.  The parties shall file a joint status conference statement

16  on or before June 1, 2007, apprising the court of the need, if any, to continue or vacate the

17  stay.  If the discovery dispute in the Nevada District Court has been resolved prior to the

18  conclusion of the three months, either party may file a motion to lift the stay or both

19  parties may file a stipulation and proposed order to lift the stay.

20      IT IS SO ORDERED.

21  DATED: March 8, 2007

                        FRANK C. DAMRELL, JR.
                        UNITED STATES DISTRICT JUDGE