UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STEADFAST INSURANCE COMPANY, a
Delaware corporation; and
AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY, a
New York corporation,

        Plaintiffs,

  v.                        NO. CIV. S-05-0632 FCD JFM

                             MEMORANDUM AND ORDER

JAMES DOBBAS, an individual;
PAMELA DOBBAS, an individual;
DONALD DOBBAS, an individual;
PETER MANCINI and LISA
MANCINI, husband and wife;
PETER MANCINI, as Special
Administrator of the ESTATE OF
CLAUDETTE MANCINI, deceased;
LISA MANCINI , as the Guardian
Ad Litem for NASYA MANCINI, a
minor; FALLON TURNER, an
individual; MERRICK TURNER, an
individual,

        Defendants.
_____/

AND RELATED COUNTER-CLAIMS
_____/

----oo0oo----

1

This matter is before the court on a status after this court's order, filed March 8, 2007, staying this action for three months, pending the resolution of a discovery dispute in the Nevada District Court.[1]  Plaintiffs and counterdefendants Steadfast Insurance Company ("Steadfast") and American Guarantee and Liability Insurance ("American")[2] request that the court continue the stay in this action for an additional two months to allow the Nevada District Court to hear their pending motion related to further discovery disputes.[3]  Defendants and countercomplainants, Peter Mancini, Lisa Mancini, Nasya Mancini, Fallon Turner, and Merrick Turner (collectively, "defendants") oppose the motion.

This suit arises out of a dispute regarding insurance coverage.  The facts giving rise to the insurance claims made by the Turner and Mancini defendants involve a bodily injury and wrongful death lawsuit, following a collision of the Turner vehicle with an Angus bull and a subsequent collision of the Turner vehicle with the Mancini vehicle.  The collisions occurred on May 27, 2002.  The Angus bull belonged to James Dobbas and had escaped from the pasture owned by Milton Holstrom.  The collisions involved two fatalities, and four of the vehicles' occupants were injured.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] Plaintiffs/Counterdefendants will be designated collectively as "plaintiffs."

[3] The Dobbas defendants also support plaintiffs' request to continue the stay.

2

1    The Turner defendants and Mancini defendants filed
2 complaints against Dobbas, Holstrom, and others in separate
3 actions. They later consolidated their cases in the United
4 States District Court for the District of Nevada. The parties
5 reached a settlement agreement against Dobbas for $1 million.
6 However, the parties also agreed to binding arbitration to
7 apportion any award between the Turners and Mancinis. The
8 arbitrator found that damages were owed in the amount of $5
9 million and apportioned the award between the Turners and the
10 Mancinis. Subsequently, it was discovered that Dobbas had
11 previously unknown insurance policies with plaintiffs Steadfast
12 and American, and defendants sought to recover the remaining $4
13 million from the policies. Plaintiffs brought suit, asserting
14 that there is no coverage because they were prejudiced by the
15 late notice of the suit.

16    Plaintiffs Steadfast and American filed an early motion for
17 summary judgment on the issue of late notice. The court denied
18 summary judgment, finding that although plaintiffs had identified
19 steps they would have taken in the litigation, they had not
20 presented sufficient evidence of actual prejudice, i.e. that the
21 result of the prior litigation or arbitration would have been
22 different had those steps been taken.

23    The parties conducted discovery in this matter, litigating
24 any discovery disputes relating to this matter in the Nevada
25 District Court. It is apparent from the parties' submissions
26 that there have been vigorous disputes relating to the work done
27 by Dobbas' attorney, Mr. Watson ("Watson"), in the underlying
28 arbitration. Specifically, the parties dispute the type and

3

1 extent of Watson's work product that has been ordered to be
2 produced by the Nevada District Court.  On March 8, 2007, the
3 court stayed the action, pending resolution of the motion to
4 compel that had been filed before the Nevada District Court and
5 any other related discovery disputes.
6     On March 7, 2007, the Nevada District Court heard oral
7 argument regarding the discovery dispute and ordered that Watson
8 produce the fact work product documents within fourteen days,
9 after redaction of any opinion work product portions.  (Ex. A to
10 Joint Status Report ("JSR"), Docket # 108, filed June 1, 2007).
11 On March 19, 2007, Watson produced the additional, redacted
12 documents to plaintiffs' counsel.  (JSR at 3).  On April 4, 2007,
13 plaintiffs' counsel wrote Watson, demanding an additional
14 privilege log.  (Ex. B to Decl. of Paul F. Donsbach ("Donsbach
15 Decl."), attached as Ex. B to JSR).  On April 16, 2007, Watson
16 responded that his previous privilege log was complete and that
17 he refused to produce an additional log.  (Ex. C to Donsbach
18 Decl.).  On May 18, 2007, plaintiffs' counsel responded to
19 Watson, stating that they believed he had not complied with the
20 Nevada District Court's orders and that they would seek to compel
21 production of the redacted material, an in-camera review of the
22 redacted documents, and a supplemental and sufficiently detailed
23 privilege log.  (Ex. D to Donsbach Decl.).  Finally, on May 30,
24 2007, plaintiffs served defendants' counsel with a Motion to
25 Enforce Court Order.  (Ex. B to JSR).  The motion specifically
26 references the relevance of the discovery at issue to the
27 litigation of this action.  (Id.)
28 /////

1    This court possesses the inherent power to control its own
2 docket and calendar.  Mediterranean Enterprises, Inc. v.
3 Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citations
4 omitted).

>    A trial court may, with propriety, find it is efficient
>    for its own docket and the fairest course for the
>    parties to enter a stay of an action before it, pending
>    resolution of independent proceedings which bear upon
>    the case.  This rule . . . does not require that the
>    issues in such proceedings are necessarily controlling
>    of the action before the court.

9 Id. (quoting Leyva v. Certified Grocers of California, Ltd., 593
10 F.2d 857, 863-64 (9th Cir. 1979), cert. denied, 444 U.S. 827
11 (1979)).

12   Based upon the submissions of the parties and a review of
13 the docket, the court finds that continuing the stay in this
14 matter for three (3) months is the fairest and most efficient
15 course of action.  The court finds that plaintiffs were not
16 dilatory in their correspondence with defendants regarding the
17 Nevada District Court's order, nor in their filing of their
18 motion to enforce.  Moreover, the currently pending discovery
19 dispute is directly related to the discovery dispute at issue
20 when the court stayed the action in March 2007.  From the
21 inception of this litigation, the parties chose to litigate all
22 discovery matters in the Nevada District Court.  After heated
23 litigation over these issues in another forum, at this late hour,
24 this court will not now enter the fray.  Accordingly, all
25 proceedings in this action are hereby STAYED for a period of
26 three months.  A status conference is set for September 7, 2007
27 at 10:00 a.m., at which time the parties will address whether a
28 further stay of proceedings is necessary.  The parties shall file

1  a joint status conference statement on or before August 31, 2007,
2  apprising the court of the need, if any, to continue or vacate
3  the stay.  If the discovery dispute in the Nevada District Court
4  has been resolved prior to the conclusion of the three months,
5  either party may file a motion to lift the stay or both parties
6  may file a stipulation and proposed order to lift the stay.
7       IT IS SO ORDERED.
8  DATED: June 6, 2007.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE